| | |
|---|---|
| Bryan J. Harrison, Esq. - 277312<br>bryan@h-klaw.com<br>Edi P. Kristopher, Esq. - 284833<br>edi@h-klaw.com<br>HARRISON \| KRISTOPHER, LLP<br>301 E. Colorado Blvd., Suite 323<br>Pasadena, CA 91101<br>Telephone: (866) 529-6155<br><br>Stephen A. King, Esq. – 224683<br>sking@kingsjusticelaw.com<br>KINGS JUSTICE LAW, APC<br>280 South Beverly, Penthouse<br>Beverly Hills, CA 90212<br>Telephone: (323) 546-4529 | Adante D. Pointer – 236228<br>apointer@lawyersftp.com<br>Patrick M. Buelna – 317043<br>pbuelna@lawyersftp.com<br>Briana L. Cravanas – 353930<br>bcravanas@lawyersftp.com<br>POINTER & BUELNA LLP<br>LAWYERS FOR THE PEOPLE<br>155 Filbert St., Suite 208<br>Oakland, CA 94607<br>Telephone: (510) 929-5400 |

Attorneys for Plaintiffs
THE ESTATE OF JOSEPH MENDOZA, et al.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JOSEPH MENDOZA, *by and through Celina Mendoza, Zina Kumetat and Ismael Mendoza, successors in interest to Joseph Mendoza;* CELINA MENDOZA, *as an individual;* ZINA KUMETAT, *as an individual;* ISMAEL MENDOZA, *as an individual;* ADRIAN MENDOZA, *as an individual; and* SAVINA DECARLI, *as an individual.*<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; California Dept. of Corrections and Rehabilitation Secretary JEFF MACOMBER; Salinas Valley State Prison Warden KELLY SANTORO; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:25-cv-10320-EJD<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>**Date:** March 12, 2026<br>**Time:** 10:00 AM<br>**Courtroom:** 4 |

**JOINT CASE MANAGEMENT STATEMENT**

1

# 1. JURISDICTION AND SERVICE

**Subject Matter Jurisdiction:**

This Court has original jurisdiction over Plaintiffs' federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

**Personal Jurisdiction and Venue:**

No issues exist regarding personal jurisdiction. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1)-(2) as a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

**Service of Process:**

All named Defendants have been served. No parties remain to be served.

# 2. FACTS

**Plaintiffs' Version of Facts:**

On April 8, 2025, at approximately 5:39 p.m., Joseph Mendoza was fatally stabbed over 180 times by two inmates (Edgar Frayre and Nicolas Young) in the dayroom of Facility C at Salinas Valley State Prison (SVSP). The attack lasted over two minutes. Despite armed correctional officers observing the assault, staff failed to deploy lethal force and delayed intervention, using only less-lethal measures.

Approximately 76 days before his death, on January 22, 2025, Mendoza was found in possession of substantial quantities of narcotics and contraband (approximately 39.21 grams of heroin, fentanyl, and other items). Following this seizure, Mendoza made multiple requests for protective custody, expressly informing SVSP staff that he had been threatened and felt unsafe in general population. These requests were ignored.

Following Mendoza's death, CDCR staff copied and then shared graphic surveillance video footage of the attack internally and externally, which was subsequently leaked and disseminated on social media platforms, causing severe emotional trauma to Plaintiffs.

**Defendants' Version of Facts:**

On April 8, 2025, Joseph Mendoza was stabbed to death by inmates and fellow gang members Edgar Frayre and Nicholas Young. Both Frayre and Young were brandishing large

inmate manufactured knifes that they used to kill Joseph Mendoza while dozens of unrestrained inmates watched from around the dayroom. Officers immediately responded and, following their training and CDCR policy, deployed appropriate methods in an attempt to stop the assault. Officers were not, however, able to save Mr. Mendoza.

The January 22, 2025 incident has no bearing on this case. Plaintiffs have no evidence, other than speculation, that Mr. Mendoza ever requested protective custody or ever indicated any desire to leave his very active life in the gang community.

**Principal Factual Issues in Dispute:**

- Whether CDCR had actual or constructive knowledge of the substantial risk of serious harm to Mendoza prior to April 8, 2025
- Who/what entities were involved in the contraband confiscated from Decedent
- Whether CDCR's response to the January 22, 2025 contraband seizure and protective custody requests was adequate
- Whether correctional officers' use of force response during the April 8, 2025 attack was reasonable and timely
- The extent and nature of video footage dissemination by CDCR personnel
- Whether CDCR's policies, customs, and practices constitute deliberate indifference (Monell liability)

### 3. LEGAL ISSUES

**Federal Constitutional Claims (42 U.S.C. § 1983):**

- **Eighth Amendment – Failure to Protect:** Whether Defendants were deliberately indifferent to a substantial risk of serious harm to Mendoza
- **Eighth Amendment – Deliberate Indifference During Attack:** Whether officers' failure to deploy lethal force during a prolonged, fatal assault violated the Eighth Amendment
- **Fourteenth Amendment – Familial Association:** Whether dissemination of death footage violated Plaintiffs' substantive due process rights to familial privacy and dignity.
- **Monell Liability:** Whether CDCR's policies, customs, and practices regarding protective custody, use of force, and video confidentiality caused constitutional violations

**State Law Claims:**

- Wrongful Death (Cal. C.C.P. § 377.60)

- Survival Action (Cal. C.C.P. § 377.30)
- Violation of California Civil Code § 52.1 (Bane Act)
- Negligence / Failure to Summon Medical Care (Cal. Gov. Code § 845.6)
- Invasion of Privacy (Cal. Const. Art. I, § 1; Cal. Penal Code § 647.9)
- Intentional and Negligent Infliction of Emotional Distress

### 4. MOTIONS

**Anticipated Motions:**

- The parties will be entering into a stipulated protective order based upon the Northern District's Model Protective Order.
- **Plaintiffs:** Plaintiffs may file motions for spoliation sanctions if evidence destruction is discovered; to compel production of any withheld discovery and/or motions in limine.
- **Defendants:** Defendants may file motions to compel production for any withheld discovery, will file a robust Motion for Summary Judgment, and will file motions in limine.

### 5. AMENDMENT OF PLEADINGS

**Plaintiffs' Position:**

Plaintiffs anticipate amending the complaint to name additional individual defendants once their identities are disclosed through discovery.

**Defendants' Position:**

Defendants do not anticipate any amendments. They will respond appropriately to any amended pleadings.

### 6. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding preservation of evidence.

**Plaintiffs' Position:**

On July 1, 2025, Plaintiffs served a spoliation notice on Defendants demanding preservation of all surveillance footage, personal devices of CDCR personnel, radio communications, incident reports, and related evidence.

**Key ESI to be Preserved:**

- Complete surveillance footage from April 8, 2025 (all angles, native format with metadata)
- Personal electronic devices of all CDCR staff who accessed, possessed, or transmitted footage
- Text messages, emails, and social media communications regarding the incident
- Access logs for video surveillance systems
- All investigatory documents related to the January 22, 2025 contraband seizure from Mendoza and the arrest and termination of CDCR Lt. Mathew Madsen for smuggling contraband into SVSP.

**Defendants' Position:**

Defendants have submitted preservation notices to all relevant parties. Defendants do not anticipate any issues with evidence preservation. It should be noted that Defendants have no control over the personal phones or social media accounts of any individual CDCR staff members.

## 7. DISCLOSURES

The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

## 8. DISCOVERY

**Discovery Taken to Date:**

Initial disclosures have been exchanged. Plaintiff has served both Requests for Production and Interrogatories on Defendant CDCR.

**Scope of Anticipated Discovery:**

**Plaintiffs' Discovery Plan:**

- Depositions of all officers on duty in Facility C on April 8, 2025
- Depositions of classification staff involved in protective custody decisions
- Depositions of CDCR personnel who accessed or disseminated video footage

- Depositions of Defendants' Rule 30(b)(6) representatives on policies, customs and training
- Production of complete surveillance footage (all angles, native format)
- Production of use-of-force documentation, incident reports, radio communications
- Production of CDCR policies (DOM, Title 15 CCR) regarding protective custody, use of force, and video confidentiality
- Production of personnel files for involved staff (disciplinary history, training records)
- Production of pattern and practice evidence (prior similar incidents at SVSP)
- Production of any and all investigatory reports and their underlying materials concerning the confiscation of contraband from Mendoza and former CDCR Lt. Mathew Madsen
- Appropriate expert discovery

**Defendants' Discovery Plan:**

- Depositions of all named and dismissed Plaintiffs.
- Written discovery to all named Plaintiffs.
- Appropriate expert discovery.

**Proposed Limitations or Modifications:**

Plaintiff will likely need to depose more than 10 witnesses.  Defendants will object to any request to increase the number of depositions unless Plaintiffs provide good cause.

**E-Discovery:**

The parties will meet and confer regarding entry of a stipulated e-discovery order, particularly regarding forensic preservation and production of video evidence and electronic communications.

**Discovery Disputes:**

Defendants consider Plaintiff's Requests for Production and Interrogatories exceptionally overbroad.  Additionally, each interrogatory includes numerous discrete subparts, amounting to a total of approximately 195 interrogatories to a single Defendant.

## 9. CLASS ACTIONS

This is not a class action.

**JOINT CASE MANAGEMENT STATEMENT**

# 10. RELATED CASES

**Plaintiffs' Position:**

There are criminal proceedings taking place in State and Federal court against former SVSP Lt. Mathew Madsen for allegedly smuggling contraband into SVSP.

**Defendants' Position:**

Defendants do not believe the allegations against Lt. Madsen and Mr. Mendoza's death are related. A review of Plaintiff's First Amended Complaint shows that Plaintiffs have no evidence, other than overlapping time frames, to connect Mr. Mendoza's death in any way to Lt. Madsen. Their assertion that he was meaningfully involved in a prior incident with Mr. Mendoza does not appear to have any evidentiary support.

# 11. RELIEF

**Compensatory Damages:**
- Wrongful death damages for loss of companionship, love, affection, society, and support
- Survival damages for Mendoza's pre-death pain, suffering, and terror
- Emotional distress damages for Plaintiffs' trauma from viewing leaked footage
- Economic damages (funeral expenses, etc.)
- Amount: Undetermined, but in excess of $30million

**Punitive Damages:**

Against individual Defendants for willful, wanton, and malicious conduct

**Injunctive and Declaratory Relief:**
- Declaration that CDCR's policies and practices violated constitutional rights
- Injunctive relief requiring policy reforms regarding protective custody, use of force, video confidentiality, and staff training

**Attorney's Fees and Costs:**

Pursuant to 42 U.S.C. § 1988 and Cal. Civ. Code § 52.1

**Basis for Damages Calculation:**
- Economic damages: Documented funeral/burial expenses
- Non-economic damages: Loss of familial relationship, emotional trauma from video viewing, pain and suffering

- Comparable verdicts in similar cases (*Bryant v. Los Angeles County* - $31 million jury verdict for photo dissemination)

**Defendants' Position on Damages:**

- Plaintiffs are not entitled to recover any damages. CDCR staff responded appropriately to the intra-gang killing of Joseph Mendoza. Plaintiff's comparable verdict is different in every respect from the present case.

## 12. SETTLEMENT AND ADR

**Prospects for Settlement:**

The parties have not yet engaged in settlement discussions.

**ADR Efforts to Date:**

None.

**Specific ADR Plan:**

**Plaintiffs' Proposal:**

Plaintiffs are amenable to engaging in ADR via a Mandatory Settlement Conference with a Magistrate Judge. Plaintiffs propose setting an October 1, 2026 deadline for the completion of ADR.

**Defendants' Proposal:**

Defendants agree with Plaintiff's proposal.

## 13. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. NARROWING OF ISSUES

The parties will work to narrow the issues as the case proceeds.

**Expediting Evidence Presentation:**

The parties will make all reasonable efforts to present evidence efficiently.

**Bifurcation:**

Defendants will request that liability be bifurcated from damages.

**Most Consequential Issues (Highlighted):**

1. **Whether CDCR had knowledge of substantial risk to Mendoza prior to April 8, 2025**

2. **Whether the officers' use of force response was constitutionally adequate**

3. **The extent and authorization of video footage dissemination**

**How Resolution May Be Expedited:**

Early production of:

- complete surveillance footage and video access logs; applicable CDCR policy, and training materials
- any investigatory reports and underlying documents regarding the confiscation of contraband from Mendoza and Lt. Mathew Madsen.
- identifying CDCR employees working in Day Room C during the time immediately leading up to, during and after the incident

## 15. SCHEDULING

| Event | Proposed Date |
|---|---|
| Deadline to Amend Complaint | August 1, 2026 |
| Close of Fact Discovery | March 1, 2027 |
| Designation of Expert Witnesses | April 1, 2027 |
| Designation of Rebuttal Witnesses | April 15, 2027 |
| Deadline to Complete Expert Disc | May 15, 2027 |
| Dispositive Motion Hearing Date | August 10, 2027 |
| Pre-Trial Conference | November 11, 2027 |
| Trial Date | December 6, 2027 |

## 16. TRIAL

**Trial to Jury or Court:**

This case will be tried before a **jury**.

**Expected Length of Trial:**

The parties anticipate the trial lasting **10-12 trial days.**

## 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiffs' Certification:**

Plaintiffs have filed the Certification of Interested Entities.

**JOINT CASE MANAGEMENT STATEMENT**

9

**Defendants' Certification:**

As a government entity, Defendants are not required to file a Certification of Interested Parties.

### 18. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. OTHER MATTERS

None.

The undersigned attests that permission in the filing of this document had been obtained from the signatories below which shall serve in lieu of the actual signatures on the document.

Dated: February 25, 2026                /s/ *Adante D. Pointer*
                                        Adante D. Pointer
                                        Pointer & Buelna, LLP
                                        Attorney for Plaintiff

Dated: February 25, 2026                /s/ *Bryan J. Harrison*
                                        Bryan J. Harrison
                                        Harrison Kristopher, LLP
                                        Attorney for Plaintiff

Dated: February 25, 2026                /s/ *Stephen A. King*
                                        Stephen A. King
                                        Kings Justice Law, APC
                                        Attorney for Plaintiff

Dated: February 25, 2026                ROB BONTA
                                        Attorney General of California
                                        CASSANDRA J. SHRYOCK
                                        Supervising Deputy Attorney General


                                        /s/ *Paul Kozina*
                                        PAUL KOZINA
                                        Deputy Attorney General
                                        *Attorneys for Defendants*

---

**JOINT CASE MANAGEMENT STATEMENT**

10