United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE ESTATE OF JOSEPH MENDOZA, et al.,

Plaintiffs,

v.

JEFF MACOMBER, et al.,

Defendants.

Case No. 5:25-cv-10320-EJD

**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. Nos. 36, 51

Plaintiffs, the family members and Estate of Joseph Mendoza ("Mr. Mendoza"), bring several California state and federal claims against Defendants California Department of Corrections and Rehabilitation ("CDCR"), as well as CDCR Secretary Jeff Macomber, Salinas Valley State Prison ("SVSP") Warden Kelly Santoro, and former correctional Lieutenant Matthew Madsen, arising out of the death of Mr. Mendoza while detained at SVSP. First Am. Compl. ("FAC"), ECF No. 21.

Before the Court are Defendants' two partial motions to dismiss Plaintiffs' California claims: (1) the first motion filed by Macomber and Santoro ("First Mot."), ECF No. 36; and (2) the second motion filed by Madsen ("Second Mot."), ECF No. 51. Both motions are fully briefed. Opp'n to First Mot., ECF No. 38; Reply to First Mot., ECF No. 41; Opp'n to Second Mot., ECF No. 52; Reply to Second Mot., ECF No. 55. The Court held a hearing on July 16, 2026, and heard oral arguments from all parties. ECF No. 59. The Court thereafter received and reviewed the supplemental briefing requested by the Court. Pls.' Suppl. Brief, ECF No. 61; Defs.' Suppl. Brief, ECF No. 60.

For the reasons explained below, the Court **GRANTS** Defendants' partial motions to dismiss with leave to amend.

United States District Court
Northern District of California

## I. BACKGROUND

Mr. Mendoza was killed in a gang-affiliated attack on April 8, 2025, while in the custody of CDCR and detained in SVSP's general population. FAC ¶¶ 1, 66. Nearly four months prior to his death, Mr. Mendoza was found in possession of a large amount of heroin. *Id.* ¶ 42. The narcotics were confiscated, which Plaintiffs allege created a substantial gang debt that ultimately caused his killing. *Id.* ¶ 43.

Among other claims, Plaintiffs allege that Defendants were deliberately indifferent to Mr. Mendoza's safety by: refusing to segregate or re-house him despite his multiple requests; failing to intervene in the attack and provide medical aid; and recklessly disseminating video footage of the attack and its aftermath to unauthorized recipients, including on social media. *See, e.g., id.* ¶ 87. Plaintiffs also allege that Defendant Madsen worked with Mr. Mendoza to introduce and distribute narcotics on behalf of the Norteño prison gang in the months preceding his murder. *Id.* ¶ 43. Madsen was relieved from active duty in February 2025 and indicted in federal court on February 3, 2026, with charges of conspiracy to commit honest-services wire fraud for smuggling contraband into SVP between January 2023 and February 2025 in exchange for payments from detainees. *Id.* ¶ 24.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678.

If the court concludes that a Rule 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

Defendants partially move to dismiss Plaintiffs' state law claims for failure to comply with the California Government Claims Act ("the Act").[1] The Act requires that parties seeking monetary damages from a California public entity or its employees first present a claim to that entity before filing suit in court. *Allums v. Bay Area Rapid Transit*, No. 25-CV-08837-LB, 2025 WL 3724142, at *7 (N.D. Cal. Dec. 23, 2025) (citing Cal. Gov't Code §§ 911.2(a), 945.4). Should a party subsequently file suit, their complaint must allege compliance with, or circumstances excusing compliance with, the Act. *See Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1243 (2004).

Defendants argue that Plaintiffs failed to comply with the Act in two ways: (1) they failed to file their complaint within the applicable statute of limitations; and (2) they failed to identify all Defendants in their original government claims. The Court will discuss each in turn.

### A. Statute of Limitations

To begin, Defendants argue that Plaintiffs failed to initiate the present action within the applicable statute of limitations. The Court disagrees.

The following events are relevant to the Court's analysis. Plaintiffs are Mr. Mendoza's spouse Celina Mendoza, mother Zina Kumetat, father Ismael Mendoza, and Estate. FAC ¶¶ 13–16.[2] On April 22, 2025, the Estate, Isamel Mendoza, and Zina Kumetat filed a government claim with the CDCR alleging one claim for wrongful death. First Mot., Ex. A, ECF No. 36-2.[3] Celina

---

[1] Defendants' two motions, filed by the same counsel, largely mirror one another. The Court will therefore refer to them collectively.

[2] Former Plaintiffs Adrian Mendoza and Savina Decarli have been voluntarily dismissed. ECF No. 23.

[3] The Court grants Defendants' request to take judicial notice of the April 22 claim pursuant to Federal Rule of Evidence 201. Req. for J. Notice, ECF No. 36-1. The existence and content of

Mendoza was not listed on this claim.[4] Plaintiffs received a written rejection on May 6, 2025. *Id.* Several months later, on July 30, 2025, all Plaintiffs filed an additional government claim with the CDCR arising out of the same incident. This claim included a more detailed description of the facts and additional state law claims encompassing the causes of action in this case. FAC ¶ 10. Plaintiffs did not receive a written response. *Id.* Plaintiffs initiated this action on December 1, 2025. Compl., ECF No. 1.

Calculating the statute of limitations depends on whether the Court characterizes the July 30 claim as: (1) a new claim, (2) an amended claim, or (3) a duplicative claim.

First, if the July 30 claim is considered a new claim, then without a written rejection, the claim is deemed rejected on the 45th day after it was filed. Cal. Gov't Code § 912.4(a). The statute of limitations is then two years following the day the claim is deemed rejected. Cal. Gov't Code § 945.6(a)(2). This places the statute of limitations well into 2027.

Second, if the July 30 claim is considered an "amendment" to the April 22 claim, then without a written rejection, the claim is also deemed rejected on the 45th day after it was filed, and the deadline to file suit is two years from the accrual of the cause of action. Cal. Gov't Code § 912.4(a) ("If a claim is amended, the board shall act on the amended claim within 45 days after the amended claim is presented."). This similarly places the statute of limitations well into 2027.

And third, if the July 30 claim is considered a mere duplicate of the April 22 claim, then the April 22 claim's statute of limitations remains. *See Chas. L. Harney, Inc. v. State*, 217 Cal. App. 2d 77, 92 (Ct. App. 1963) (emphasis in original) ("[T]he statute of limitations was set in motion and plaintiff was powerless to suspend its operation or extend the six months' period of limitations by filing the same claim again."). Pursuant to the Act, "[i]f written notice is given,"

---

Plaintiffs' initial government tort claims are public records and are not subject to reasonable dispute, and federal courts routinely take judicial notice of government tort claims when determining whether plaintiffs have satisfied mandatory claim presentation requirements. *See, e.g., Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 811–12 (N.D. Cal. 2019); *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1042 (E.D. Cal. 2010); *D.K. ex rel. G.M. v. Solano Cnty. Off. of Educ.*, 667 F. Supp. 2d 1184, 1188–89 (E.D. Cal. 2009).

[4] Defendants concede that Plaintiff Celina Mendoza's claims are not time-barred because she was not listed on the April 22 claim.



United States District Court
Northern District of California

United States District Court
Northern District of California

the claimant must file suit "not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6(a)(1). Six months from the date of the April 22 claim's written rejection is November 6, 2025. *See* First Mot. 8.

To summarize, if the July 30 claim is characterized as a new claim or an amendment to the April 22 claim, then Plaintiffs initiated this action within the statute of limitations. But if the July 30 claim is characterized as a duplicate of the April 22 claim, Plaintiffs' claims are time-barred.

The Court finds the July 30 claim is best characterized as an amendment to the April 22 claim. The two claims both arose from Mr. Mendoza's death while detained at SVSP, but rather than duplicating the first claim, the July 30 claim added more allegations, more claims, and more claimants. These facts differ substantially from those presented in *Chas. L. Harney*, where the second government claim was identical in every regard to the first.[5] *Chas. L. Harney*, 217 Cal. App. 2d at 83–84 ("With the exception of certain additional allegations which we shall point out, the second amended complaint is practically identical, indeed almost *word for word* so, with the original complaint as amended.") (emphasis in original).

The Court finds Defendants' arguments to the contrary unpersuasive. First, Defendants argue that the July 30 claim is not an "amendment" because "Plaintiffs checked the box that the claims were not amendments to previous existing claims." First Mot. 5. This argument is well taken, but ultimately, does not doom Plaintiffs' claims. The standard for fulfilling § 911.2 is substantial compliance—"[i]f a claim satisfies the purposes of the claims statutes without prejudice to the government, substantial compliance will be found." *Carlino v. Los Angeles Cnty. Flood Control Dist.*, 10 Cal. App. 4th 1526, 1534 (1992) (citing *Elias v. San Bernardino Cnty. Flood Control Dist.*, 68 Cal. App. 3d 70, 74 (Ct. App. 1977)); *see also Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 449 (2004) ("[Courts must be] mindful that so long as the policies of the claims statutes are effectuated, the statutes should be given a liberal construction to permit full adjudication on the merits . . . . If the claim gives adequate

[5] The Court also notes this case was decided on June 11, 1963, before Cal. Gov't Code § 910.6 was enacted.

United States District Court
Northern District of California

information for the public entity to investigate, additional detail and elaboration in the complaint is permitted.") (internal citation omitted) (cleaned up). One primary purpose of the Act is "to provide the public entity with sufficient information to allow it to make a thorough investigation of the matter." *Westcon Constr. Corp. v. Cnty. of Sacramento*, 152 Cal. App. 4th 183, 200 (2007).

Here, although Plaintiffs did not explicitly identify the second claim as an amendment to the first on the claim form, given the substantial detail and clear overlap in the two claims, the Court finds CDCR had sufficient information to identify this an amendment themselves and to make a thorough investigation of the matter. And regardless, the CDCR did not, in fact, respond at all to the second claim, thus it is unclear what impact if any the box had on their investigations. Under these circumstances, the Court finds Plaintiffs satisfied the purpose of the Act without prejudice to Defendants, and thus this procedural misstep does not prevent deciding cases on the merits.

The Court also rejects Defendants' arguments that "amended" claims do not trigger a new statute of limitations. Defendants cite *Sofranek v. Cnty. of Merced*, 146 Cal. App. 4th 1238, 1248 (2007), for its proposition that an amendment to a prior claim "shall be considered a part of the original claim for all purposes." But this case is inapplicable. The court there construed § 910.6(a), which outlines the timing by which a claimant must *file* an amendment, in a case where the government provided a written rejection. Cal. Gov't Code § 910.6(a) ("A claim may be amended at any time before the expiration of the period designated in Section 911.2 or before final action thereon is taken by the board, whichever is later, if the claim as amended relates to the same transaction or occurrence which gave rise to the original claim. The amendment shall be considered a part of the original claim for all purposes."). The *Sofranek* court did not examine Cal. Gov't Code § 912.4(a), which governs the timing of when the government must *act* on an amended claim: "The board shall act on a claim in the manner provided in Section 912.6, 912.7, or 912.8 within 45 days after the claim has been presented. If a claim is amended, the board shall act on the amended claim within 45 days after the amended claim is presented." Section 912.4(c) further provides: "If the board fails or refuses to act on a claim within the time prescribed by this

section, the claim shall be deemed to have been rejected by the board on the last day of the period within which the board was required to act upon the claim." The Court finds the language of § 912.4 clear—the government has 45 days to respond to a new or amended claim; and if the government fails to act within that time frame, the claim is deemed rejected on the 45th day, and "a limitations period of two years from the accrual of the cause of action applies." *Simms v. Bear Valley Cmty. Healthcare Dist.*, 80 Cal. App. 5th 391, 406 (2022).

Therefore, the Court finds Plaintiffs' claims are not time-barred.

**B. Identifying Defendants**

Next, Defendants argue that Plaintiffs' claims must be dismissed because their original government claims failed to identify Individual Defendants. The Court agrees with Defendants here, in part.

Cal. Gov't Code § 910(e) requires a claimant list the "name or names of the public employee or employees causing the injury, damage, or loss, if known." *See also Crawley v. California Dep't of Corr. & Rehab.*, No. 1:25- CV-00388-JLT-SAB, 2025 WL 2614663, at *7 (E.D. Cal. Sept. 10, 2025), *report and recommendation adopted in part, rejected in part*, No. 1:25-CV-00388, 2025 WL 2915891 (E.D. Cal. Oct. 14, 2025) ("[A] cause of action against a public employee is barred if the claim submitted did not name the public employee in the claim for damages."). If the names of the public employees were not known, the claimant must allege so in the complaint. *See Crawley*, 2025 WL 2614663, at *7

Here, the only Defendant identified in both the April 22 and July 30 claim is the CDCR. As indicated above, the failure to identify Individual Defendants does not necessarily bar Plaintiffs' claims if their identities were not *known* to them at the time. Cal. Gov't Code § 910(e). Plaintiffs argue this is precisely the case here—Plaintiffs did not know the identities of Macomber and Santoro at that time, and Madsen's involvement was not known until his criminal indictment recently became unsealed. Plaintiffs also argue that the detailed information in the government claims show "substantial compliance" with the Act. For example, the claims identified Mr. Mendoza by his full name and inmate number, the prison in which the incident transpired, the date



United States District Court
Northern District of California

United States District Court
Northern District of California

and approximate time of the incident, the specific location inside the jail in which the incident took place, numerous theories of liability and corresponding government code statutes waiving immunity, and an approximation of the dollar amount of each Plaintiff's claim. Plaintiffs argue that they provided the CDCR with all the information needed to identify the employees involved and investigate Plaintiffs' claims.

Plaintiffs are correct that they are not required to identify Individual Defendants if their identities were not known. However, Plaintiffs' lack of knowledge is not *pled*. Plaintiffs allege only that they "timely presented their government claims on July 30, 2025, pursuant to the California Government Claims Act." FAC ¶ 10. They do not allege that Individual Defendants' identity was not known to them at that time or otherwise allege facts to support that conclusion. As the Court indicated previously, Plaintiffs must allege compliance with the Act in their complaint, and if they did not identify any defendant in their original claims, they must allege so and explain why. *See Mangold*, 67 F.3d at 1477; *State of California*, 32 Cal. 4th at 1243; *Crawley*, 2025 WL 2614663, at *7. The only information currently before the Court are attorney arguments, but "[o]n a motion to dismiss, the Court only considers facts pled in the complaint." *Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 WL 344998, at *18 (N.D. Cal. Jan. 24, 2017).

The Court accordingly **GRANTS** Defendants' motion to dismiss Plaintiff's California state claims with leave to amend. *Lopez*, 203 F.3d at 1127 ("[The] court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Plaintiffs' federal claims remain.

## IV. CONCLUSION

Based on the forgoing, the Court **GRANTS** Defendants' motions to dismiss with leave to amend. If Plaintiffs choose to file an amended complaint, they must do so by **November 12**, 2026.[6]

[6] Given the substantial overlap in Defendants' arguments, interests, and counsel, the Court orders that any subsequent motion to dismiss must be filed omnibus.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: October 22, 2026

EDWARD J. DAVILA
United States District Judge